**IN THE COURT OF APPEALS OF IOWA**

No. 16-0482
Filed May 11, 2016

**IN THE INTEREST OF A.S.,**
**Minor child,**

**I.A., Mother,**
Appellant.

_____

Appeal from the Iowa District Court for Crawford County, Mary L. Timko, Associate Juvenile Judge.

The mother appeals the termination of her parental rights to her child, A.S. **AFFIRMED.**

Elizabeth D. Specketer of Specketer Law Firm, Rembrandt, for appellant mother.

Thomas J. Miller, Attorney General, and Kathrine S. Miller-Todd, Assistant Attorney General, for appellee State.

Martha A. Sibbel of Law Office of Martha Sibbel, P.L.C., Carroll, for minor child.

Considered by Vogel, P.J., and Doyle and Bower, JJ.

**VOGEL, Presiding Judge.**

A mother appeals the termination of her parental rights to her child, A.S. She asserts the State failed to prove by clear and convincing evidence her parental rights should be terminated under Iowa Code section 232.116(1)(e) and (h) (2015). We agree with the district court's ruling that, due to the mother's inability to adequately care for her special-needs son, her rights should be terminated pursuant to paragraph (h). Therefore, we affirm the order of the district court.[1]

A.S., born September 2013, came to the attention of the Iowa Department of Human Services (DHS) shortly after his "extremely premature" birth, weighing just two pounds. A clinical note made seven days after his birth indicated fear A.S. would not survive. Contrary to that gloomy note and many critical days that lay ahead, A.S. gained strength and was discharged from the hospital just shy of four months of age. However, A.S. had many lingering physical problems associated with this premature birth and remained medically "fragile," requiring close monitoring. The mother was just fifteen years old when A.S. was born, and she had been voluntarily placed in a foster home by her mother, A.S.'s grandmother. When A.S. was discharged from the hospital, the mother's foster parents accepted A.S. into their care as well, so that the mother and son could be placed together. DHS monitored the placement and services were provided to both the mother and A.S.

On August 7, 2014, upon the stipulation of the parties, A.S. was adjudicated in need of assistance under Iowa Code section 232.2(6)(e) (2013)

---

[1] The father's parental rights were also terminated, though he does not appeal.

(describing a child in need of medical treatment whose parent is unwilling or unable to provide such treatment). A.S. and the mother remained in the same foster home, closely monitored by DHS. After a March 12, 2015 dispositional review hearing, custody of A.S. was transferred to DHS, but he remained in the same foster home; the mother was moved back to the grandmother's home, as the mother's relationship with the foster parents had deteriorated. The mother's cooperation with services soon became sporadic, and concerns grew that the mother was more interested in being a teenager than being committed to caring for A.S.'s many special needs.

On November 6, 2015, the State filed a petition to terminate the mother's parental rights. The matter came on for hearing on January 28 and February 4, 2016, after which the district court found clear and convincing evidence to terminate the mother's parental rights. The mother appeals.

We review termination proceedings de novo. *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010).

> We are not bound by the juvenile court's findings of fact, but we do give them weight, especially in assessing the credibility of witnesses. We will uphold an order terminating parental rights if there is clear and convincing evidence of grounds for termination under Iowa Code section 232.116. Evidence is "clear and convincing" when there are no "serious or substantial doubts as to the correctness or conclusions of law drawn from the evidence."

*Id.* (citation omitted). When the juvenile court terminates parental rights on more than one statutory ground, we may affirm the court's order on any ground we find supported by the record. *In re A.B.*, 815 N.W.2d 764, 774 (Iowa 2012).

To terminate the mother's rights under Iowa Code section 232.116(1)(h), the State must establish the child is (1) three years old or younger, (2) has been

adjudicated a child in need of assistance, (3) has been removed from the home for six of the last twelve months, and (4) cannot be returned to the parent's custody as provided in section 232.102 at the present time. To satisfy its burden of proof, the State must establish "[t]he child cannot be protected from some harm which would justify the adjudication of the child as a child in need of assistance." *See* Iowa Code § 232.102(5)(a)(2). The mother takes no issue with the first three elements of Iowa Code section 232.116(1)(h) but maintains the State did not prove the fourth element, that is, that A.S. cannot be returned to her care without suffering an adjudicatory harm.

In its termination order, the district court found:

> [The mother] has been ordered repeatedly to participate in individual therapy, family therapy, and acquire items necessary for [A.S.] to be returned to her care. [The mother has not] shown any respect for court orders or for the services being offered to [her]. Nor has [she] demonstrated that [A.S.]'s health and well-being are a priority. [The mother] has also not taken advantage of the opportunities afforded her through increased visitations, mental health services, life and parenting skills, and in-home behavioral health services. [The mother's] actions could be chalked up to her young age and inexperience at life. However, she was provided with numerous services to assist her in making changes. Unfortunately, she has not made the changes necessary to allow for the safe return of [A.S.] to her care, nor will changes likely occur at any time in the foreseeable future. She has had minimal contact with [A.S.] since her return to her mother's home. No additional amount of time or services will correct the circumstances that led to [A.S.'s] adjudication and eventual removal from parental custody. [The mother] is a teenager and that is all she wishes to be—not the mother of a special needs child.

On our de novo review of this record, we agree with those findings. While the mother has learned many of the skills needed to care for her son, the evidence strongly supports the district court's findings that the mother was simply not able to put her son's many and special needs ahead of her own interests.

The DHS social worker testified the mother would "take short cuts" in providing care for A.S., placing A.S. at risk for a variety of repercussions, including infections due to his weakened immune system. In her November 3, 2015 written report the worker noted:

> This worker has never had concerns that [the mother] didn't know how to care for [A.S.'s] needs, however there have been concerns about if she would follow through doing so if no one was looking over her shoulder. . . . She has also continued to show that she will not be told what is best for her son . . . .
> She wants to be a teenager and have fun with her friends.

The many challenges A.S. continues to face on a daily basis clearly demand a parent who is willing and able to provide for his special needs. Although the mother periodically expresses her good intentions for A.S.'s well-being, she has not demonstrated she is willing to provide the care A.S. requires, such that he would not suffer harm. Therefore, we agree with the district court the State proved by clear and convincing evidence the mother's parental rights should be terminated under Iowa Code section 232.116(1)(h).

**AFFIRMED.**